Ramon **NOVARRO**, Appellant,

v.

**Peter PITCHESS**, Sheriff of the County of Los Angeles, State of California, Appellee.

No. 20849.

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1966.

Rehearing Denied Dec. 22, 1966.

John N. Frolich, Los Angeles, Cal., for appellant.

Roger Arnebergh, City Atty., Richard Kolostian, Philip E. Grey, Asst. City Attys., Allen Uri Schwartz, Deputy, City Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and SOLOMON, District Judge.

PER CURIAM:

Ramon Novarro was convicted and sentenced in the Municipal Court of Los Angeles, California for a violation of section 23102 of the Vehicle Code of California. After certain state proceedings were had, Novarro applied to the federal district court for habeas corpus. He therein asserted that the state conviction and sentence deprived him of his constitutional rights under the Fourteenth Amendment. This deprivation, Novarro alleged, arose from the fact that the complaint charging him with a violation of section 23102 of the Vehicle Code was not filed by the arresting officer as mandatorily required by section 40306 of the Vehicle Code. The courts of California have upheld the conviction.

The district court, without hearing, dismissed the application upon the ground that it appears from the application that Novarro "is not entitled thereto," citing 28 U.S.C. § 2243 (1964). Novarro did not file an amended application, but immediately took this appeal. He does not here contend that he could, by means of an amended application, state a more favorable factual basis for relief on the ground he relied upon in the district court, than as stated in his brief on appeal.

Circumstances may be stated in which the failure to accord an individual defendant the benefit of state criminal procedures prescribed for general application, may amount to a deprivation of a right under the Constitution of the United States. Thus, in Griffin v. People of State of Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891, where the state had authorized appeals from criminal convic-

tions, the failure to permit Griffin to appeal because, by reason of poverty, he was unable to provide a record on appeal, was held to be a deprivation of his rights under the Fourteenth Amendment. The Supreme Court indicated that the reason why Griffin was denied an appeal manifested an invidious discrimination.

The criminal procedure in question in our case—the requirement that the complaint be signed by the arresting officer —does not approach in significance the state procedure dealt with in *Griffin*. Moreover, nothing is alleged in Novarro's application or brief on appeal tending to show that the signing of the complaint by a person other than the arresting officer was intended to, or resulted in, an invidious discrimination as between Novarro and other state defendants or actually prejudiced Novarro in defending against the prosecution.

We therefore hold that the fact that the complaint was so signed presents no federal question. This being the only ground for relief relied upon in the district court, we

Affirm.